IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVITAZ, INC. a Delaware Corporation, Plaintiff, v. SHOPADVISOR, INC., a Delaware Corporation, Defendant. | Civil Action No. 16-cv-12529 <br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff, NOVITAZ, INC. ("Novitaz"), for its Complaint against Defendant SHOPADVISOR , INC. ("ShopAdvisor"), alleges as follows:

THE PARTIES

1. Novitaz is a Delaware corporation, having a place of business at 320 Tonopah Drive, Fremont, CA 94538.

2. Upon information and belief, ShopAdvisor is a Delaware corporation, having a place of business at 9 Damonmill Square, Suite 3C, Concord, MA 01742.

NATURE OF CLAIMS, JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 United States Code, § 271 *et seq.*

4. Jurisdiction of this Court is founded upon 28 U.S.C. § 1338(a).

5. Upon information and belief, ShopAdvisor regularly transacts and/or solicits business within this Judicial District and has purposefully availed itself of the privilege of conducting business in this Judicial District. On information and belief, ShopAdvisor regularly

1

sells and offers for sale products within this Judicial District over the Internet. On information and belief, ShopAdvisor has committed acts of infringement in this Judicial District by, *inter alia*, selling and offering for sale the infringing product within this Judicial District.

6. Venue is predicated under 28 U.S.C. § 1391(c).

## THE PATENT AT ISSUE

7. On June 14, 2011, United States Patent Number 8,229,787 (hereinafter "'787 Patent") entitled "Customer Relationship Management System for Physical Locations" was duly and regularly issued. Novitaz is the owner of all right, title, and interest in and to the '787 Patent by assignment. A copy of the '787 Patent is attached hereto as **Exhibit A**.

8. The '787 Patent relates, generally, to an improved method of customer relationship management in a physical environment.

9. The '787 Patent discloses methods for detecting a customer's presence in a business establishment, storing a plurality of tracked events that the customer engages in while in the business establishment, and determining a marketing message for the customer based on the tracked events.

10. An improvement provided by the '787 Patent is enabling more personalized service for a customer upon entry and throughout the customer's visit to a business establishment. The '787 Patented invention enables targeted marketing and sales promotions (up-sell/cross-sell) for individual customers.

11. Novitaz has devoted a significant amount of resources inventing location-based solutions for driving customer behavior in brick-and-mortar establishments.

## SHOPADVISOR'S INFRINGEMENT

12. On information and belief, ShopAdvisor makes, uses, sells, and offers to sell a

technology platform to "create, manage, and analyze drive-to-store campaigns." http://www.shopadvisor.com (last visited Dec. 15, 2016) (the "Accused Product"). Some of ShopAdvisor's customers include Proctor & Gamble Co., The Walgreen Company, Barnes & Noble, Inc., Anheuser-Busch Companies, Inc., Levi Strauss & Co., and Hallmark Cards, Inc.

13. The Accused Product is a computer-implemented method of marketing to a customer of a business establishment.

14. The Accused Product is used to drive consumers to make purchases in brick-and-mortar stores.

15. On May 17, 2016, Counsel for Novitaz sent a letter to ShopAdvisor on May 17, 2016 requesting technical information about the Accused Product as it related to the '787 Patent and offering to license its patent portfolio.

16. On June 13, 2016, ShopAdvisor responded by letter, denying that it practices the inventions claimed in the '787 Patent.

17. On July 6, 2016, Counsel for Novitaz provided a draft claim chart showing how the Accused Product reads on certain independent claims of the '787 Patent. Counsel for Novitaz also requested access to ShopAdvisor's source code for the Accused Product, and renewed Novitaz's offer to license its patent portfolio.

18. On July 22, 2016, ShopAdvisor responded by letter. ShopAdvisor claimed that it was discontinuing the use of its consumer-facing software application, which it admitted "appears to be a key component of the '787 Patent."

19. On September 7, 2016, Counsel for Novitaz again wrote to ShopAdvisor. In this letter counsel questioned ShopAdvisor's claim of cessation, citing (a) the continued availability of the Accused Product in the Google Play Store and in Apple's Montserratian store; (b)

ShopAdvisor's recent partnership with a company that claimed to be "the only location-based customer intelligence platform;" and (c) ShopAdvisor's acquisition of a company to "engage with shoppers via their smartphones and aid them in every step of the process of discovering, evaluating, locating and purchasing products."

20. Not having received a response to its latest request, on November 4, 2016, Counsel for Novitaz advised ShopAdvisor in writing of Novitaz's intent to proceed with filing this action for patent infringement.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,229,787

21. Novitaz repeats and realleges the allegations set forth in paragraphs 1-20 above, as though fully set forth herein.

22. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

23. The '787 Patent is valid and enforceable.

24. Upon information and belief, ShopAdvisor has committed acts of infringement of the '787 Patent, and continues to commit such acts of infringement, by offering for sale, making, using, or selling the Accused Product in a manner that directly infringes one or more claims of the '787 Patent.

25. The Accused Product infringes at least Claims 1, 43, 45, 53, and 56 of the '787 Patent.

26. ShopAdvisor has been put on notice of the '787 Patent as early as May 17, 2016, as well as by the filing and service of the Complaint in this action. On information and belief, at all times relevant hereto, ShopAdvisor has had actual knowledge of the '787 Patent, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate

disregard of Novitaz's rights therein and with the intent to infringe those rights.

27. On information and belief, at least since its knowledge of the '787 Patent, ShopAdvisor has indirectly infringed the '787 Patent by actively inducing infringement by others in violation of 35 U.S.C. § 271(b).

28. On information and belief, at least since its knowledge of the '787 Patent, ShopAdvisor has knowingly encouraged, and continues to encourage, current and potential customers to directly infringe one or more claims of the '787 Patent including by its actions that include, without limitation, instructing and encouraging users to use the Accused Product through promotional materials and instruction manuals, in a manner that infringes one or more claims of the '787 Patent.

29. By the acts alleged above, ShopAdvisor has made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still is making, using, offering to sell, selling, and/or importing into the United States, products that infringe, literally or under the doctrine of equivalents, directly or indirectly through induced infringement, at least one claim of the '787 Patent, without Novitaz's authorization or consent.

30. On information and belief, ShopAdvisor's infringement has been intentional and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285. ShopAdvisor has known of the '787 Patent at least as early as May 17, 2016, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Novitaz's rights therein and with the intent to infringe those rights.

31. As a direct and proximate cause of ShopAdvisor's direct and/or indirect infringement, as alleged above, Novitaz has suffered damages. ShopAdvisor is liable to Novitaz for the amount of any such damages.

32. ShopAdvisor will, on information and belief, continue to infringe upon Novitaz's rights under § 271 of the Patent Act, unless and until it is enjoined by this Court. Novitaz has been and is likely to continue to be irreparably injured unless ShopAdvisor is enjoined. Novitaz has no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Novitaz prays for a judgment in its favor and against ShopAdvisor on all claims;

   a. Adjudging and decreeing that ShopAdvisor has unlawfully infringed, contributorily infringed and/or induced infringement of the '787 Patent;

   b. Preliminarily and permanently enjoining ShopAdvisor, its officers, agents, servants, employees, attorneys, all those in active concert or participation with any of them, and all those in privity with it:

      1. From infringing on the '787 Patent, and

      2. From making, using, importing, distributing, advertising, promoting, selling, or offering for sale the Accused Product, or any other product whose operation falls within the scope of any claim of the '787 Patent.

   c. Requiring ShopAdvisor to pay Novitaz any damages Novitaz has suffered arising out of and/or as a result of ShopAdvisor's patent infringement, including Novitaz's lost profiles, ShopAdvisor's profits, and/or reasonable royalties for ShopAdvisor's patent infringement, and other relief provided for in 35 U.S.C. § 285;

   d. Awarding Novitaz its reasonably attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285;

e. Requiring ShopAdvisor to pay Novitaz enhanced damages due to the exceptional nature of this case, and

f. Granting such other and further relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff Novitaz, Inc. demands a trial by jury.

Respectfully submitted,

Dated: December 15, 2016

By: <u> /s/ Payal Salsburg</u>
Marc C. Laredo, BBO No. 543973
Payal Salsburg, BBO No. 568812
LAREDO & SMITH, LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel. (617) 443-1100
Fax (617) 443-1174
laredo@laredosmith.com
salsburg@laredosmith.com

Woodrow H. Pollack (to be admitted *pro hac vice*)
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
woodrow.pollack@gray-robinson.com

*Attorneys for Plaintiff Novitaz, Inc.*